NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAVEN ABDULLAH, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | |
| v. | OPINION |
| UNITED STATES OF AMERICA, | Crim. Action No. 09-360-002 |
| Defendants. | Civil Action No. 2:11-cv-01199-DMC |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Petitioner, Haven Abdullah's ("Petitioner") motion to vacate, set aside, and correct his sentence pursuant to 28 U.S.C. § 2255. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Petitioner's motion to vacate, set aside, and correct his sentence is **denied**.

I. **BACKGROUND**

Petitioner was indicted on one count of conspiracy to distribute and possession with the intent to distribute heroine in violation of 21 U.S.C. §§ 841(a)(1), 846 to which he plead guilty on December 15, 2009. Petitioner freely and voluntarily entered into a plea agreement with the Government on October 6, 2009. The plea agreement expressed that, as Petitioner was over eighteen years of age at the time of the instant offense and had at least two prior felony

convictions for crimes of violence or controlled substance, Petitioner would be considered a career offender under the United States Sentencing Guidelines ("U.S.S.G."). Petitioner was advised and the parties agreed, that for the purpose of sentencing, if Petitioner was found not to be a Career Offender the appropriate Guideline offense level would be 27 and 31 if he was found to be a career offender.

The Pre-Sentencing Report ("PSR") calculated that Petitioner had a base offense level of 27 with an upward enhancement to 31 because of his career offender status pursuant to U.S.S.G. § 4B1.1. Petitioner had two previous qualifying convictions. Petitioner received a two-level reduction for acceptance of responsibility. The PSR calculated Petitioner's criminal history score within category VI.

On December 15, 2009, this Court conducted a sentencing hearing determining that Petitioner's previous convictions qualify him as a career offender as per the PSR recommendations. The District Court sentenced Petitioner to 188 months imprisonment from a 188-210 Guideline range.

On August 12, 2010, the United States Court of Appeals for the Third Circuit rejected Petitioner's appeal on the Government's motion to enforce the appeal waiver in the plea agreement.

Petitioner now seeks to vacate, set aside, and correct his sentence pursuant to 28 U.S.C. § 2255.

## II.   STANDARD OF REVIEW

This Court has jurisdiction pursuant to 18 U.S.C. § 3231. Jurisdiction is also secured pursuant to 28 U.S.C. § 1291. Furthermore, District Courts have jurisdiction to review the reasonableness of a sentence pursuant to 18 U.S.C. § 3742(a)(1).

## III. DISCUSSION

### A. Counsel's Performance

Petitioner argues that his Sixth Amendment right to effective counsel was denied. Petitioner claims that his counsel failed to advance an argument requesting custody credit for a nine-month period, during which Petitioner was incarcerated in State prison, prior to federal charges being brought.

When a convicted defendant claims ineffective assistance in plea negotiations, the defendant must show that the counsel's performance was defective under a standard of objective reasonableness. Hill v. Lockart, 474 U.S. 52, 57 (1985). Second, the defendant must show with a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. A reasonable probability should be sufficient to undermine confidence in the outcome. United States v. Hankerson, 496 F.3d 303, 310 (3d Cir. 2007). "A Court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland v. Washington, 466 U.S. 668, 670 (1984). When a defendant claims defective counsel influenced his decision to plead guilty he must also show that but for counsel's error the defendant would have insisted upon going to trial. Hill, 474 U.S. at 58-59.

Here, Petitioner alleges counsel's failure to argue for a nine-month sentencing credit is sufficient to satisfy the performance prong enumerated in Hill. Under 18 U.S.C.§ 3585(b), "[a] defendant shall be given credit toward service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence." However, the Supreme Court held the "computation of [§ 3585(b)] credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply

§ 3585(b) at sentencing." United States v. Wilson, 503 U.S. 329, 333 (1992). As the court lacked the ability to award credit for Petitioner's pretrial confinement, failure to argue for it cannot reasonably be considered deficient representation. Likewise, the court's lack of authority to grant § 3585(b) credit under Wilson precludes Petitioner's claim that he was prejudiced by counsel's inaction.

## IV.   CONCLUSION

For the reasons stated, it is the finding of this Court that Petitioner's motion to vacate, set aside, and correct his sentence is **denied**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:       September 17, 2012
Orig.:      Clerk
cc:         All Counsel of Record
            File